■ TRANSCONTINENTAL INSURANCE COMPANY et al., Appellants, v RICHARD D. ANTONIO, Doing Business as ANTONIO BROS., et al., Respondents, et al., Defendant. RICHARD D. ANTONIO, Doing Business as ANTONIO BROS., Third-Party Plaintiff, v UNITED COMMUNITY INSURANCE COMPANY, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [684 NYS2d 449] —Judgment unanimously affirmed with costs for reasons stated in decision at Supreme Court, Gorski, J. (Appeal from Judgment of Supreme Court, Erie County, Gorski, J.— Declaratory Judgment.) Present—Green, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.

■ STANLEY JOHNSON, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 88471.) [684 NYS2d 383] —Order unanimously affirmed without costs. Memorandum: The Court of Claims properly granted defendant's motion to strike the note of issue. Pursuant to the parties' stipulation, claimant was required to take action to reactivate the claim within 45 days of the final disposition of a related Supreme Court action. The order entered May 25, 1994 finally disposed of the Supreme Court action, and claimant's attempt to reactivate the claim in February 1997 was therefore untimely. We reject claimant's contention that there was no final disposition of the Supreme Court action because the time to take an appeal from the order never started running. Service of the order stamped with the date of entry and indicating that it was filed with the Oneida County Clerk constituted service of the order with notice of entry, commencing the running of the time to take an appeal (*see,* CPLR 5513 [a]; *Norstar Bank v Office Control Sys.,* 78 NY2d 1110, 1111). Further, even if claimant's time to take an appeal had not expired, the order was not appealable in any event because it was entered upon claimant's consent (*see;* CPLR 5511; *Matter of Bambi C.,* 238 AD2d 942, *lv denied* 90 NY2d 805). (Appeal from Order of Court of Claims, McNamara, J.—Dismiss Claim.) Present—Green, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.